**UNITED STATES of America, Plaintiff–Appellee,**

v.

**LAM THANH PHAM, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**My Thi Tran, Defendant–Appellant.**

Nos. 06–30489, 06–30529.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2008.

Filed Sept. 23, 2008.

Patricia C. Lally, Helen J. Brunner, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jonathan S. Solovy, Esquire, Law Office of Jonathan S. Solovy, PLLC, Seattle, WA, for Defendant–Appellant, Lam Thanh Pham.

Jeff Ellis, Steven Witchley, Ellis Holmes & Witchley, PLLC, Seattle, WA, for Defendant–Appellant, My Thi Tran.

Before: FISHER, GOULD, and IKUTA, Circuit Judges.

MEMORANDUM *

Lam Thanh Pham ("Pham") appeals the 78–month sentence and $1 million restitution order imposed on him after he pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344, and My Thi

Tran ("Tran") appeals her 42–month sentence imposed after she pled guilty to one count of the same offense. In a published opinion filed concurrently with this memorandum disposition, we vacate Pham's sentence and remand his case for resentencing on an open record because we conclude that the district court erred in imposing a four-level enhancement for the number of victims where the record did not contain evidence that fifty or more persons had suffered actual loss. Despite having vacated Pham's sentence, we retain jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) to resolve the other issues Pham raised on appeal regarding his sentence, except for his challenge to its overall reasonableness, which we do not reach. *See Gall v. United States,* ____ U.S. ____, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We also have jurisdiction under the same two statutory provisions to review the issues raised in Tran's consolidated appeal, and we affirm her sentence as both procedurally sound and substantively reasonable. *See id.*

**Further Issues on Appeal for Pham**

Pham contends that the district court erred in imposing a fourteen-level enhancement to his sentence under United States Sentencing Guidelines ("USSG") § 2B1.1(b)(1)(H) for up to $1 million in loss where he only pled guilty to one count of bank fraud involving $4,572.10 and where he disputed factual assertions in the presentence report describing him as a leader or mastermind of the scheme. Pham also argues that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by not ruling on his factual objections to the presentence report's account of his role in the offense and the amount of money

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

with which he was personally involved. Pham lastly contends that because of the disproportionate impact the loss enhancement had on his sentence, the government should have been required to prove the facts underlying that enhancement by clear and convincing evidence.

■ Because Pham's counsel did not object to the fourteen-level loss enhancement, the district court was not required to rule on Pham's factual objections relevant to that enhancement under any evidentiary standard because the enhancement itself was not in dispute. *See* Fed. R.Crim. Proc. 32(i)(3)(B) (sentencing court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute *or determine that a ruling is unnecessary ... because the matter will not affect sentencing,* or because the court will not consider the matter in sentencing") (emphasis added); *United States v. Jordan,* 256 F.3d 922, 927–29 (9th Cir.2001) (holding that clear and convincing evidence is only required where a sentencing enhancement with a potentially disproportionate impact is in dispute).

■ Moreover, the district court did comply with Rule 32(i)(3)(B)'s requirement when it stated during sentencing that "in regard to what the sentence is, I am merely looking at the crime of conviction, the facts that you admitted to in your plea agreement and nothing else." The facts to which Pham admitted in his plea agreement included the statement that Pham had participated in a "scheme and artifice" designed to obtain money from various banks "by means of false and fraudulent pretenses," and the names of the other participants in the scheme were also listed in the plea agreement. Because the criminal conduct to which Pham admitted consisted of a "scheme" undertaken with others, even though not

charged as a conspiracy, the district court could permissibly attribute to Pham "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity[,]" including all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction[,]" and thus did not have to rely on the disputed facts in the presentence report regarding Pham's leadership role in calculating Pham's loss enhancement. *See* USSG § 1B1.3(a)(1)–(2). Because Pham's offense of conviction, bank fraud in violation of 18 U.S.C. § 1344, falls within the province of USSG § 3D1.2(d) and is thus subject to consideration of a particularly broad range of conduct for sentencing purposes under USSG § 1B1.3(a)(2), Pham's specific offense characteristics, such as the amount of loss attributable to him under USSG § 2B1.1(b)(1), could even be based on loss amounts with which he was never charged, so long as those losses "were part of the same course of conduct or part of the same scheme or plan as the count of conviction." *See* USSG § 1B1.3 cmt. background. Reviewing Pham's fourteen-level loss enhancement for plain error, which is the appropriate standard of review because this enhancement was not objected to at or before sentencing, we therefore conclude that the district court committed no error, plain or otherwise, in holding Pham responsible for $1 million out of the more than $1.6 million in losses resulting from the bank fraud scheme in which he admitted being involved.

■ Pham also argues that the district court abused its discretion by imposing a $1 million restitution order on him without first conducting an evidentiary hearing to determine if he could be held personally responsible for that amount. Under the Mandatory Victims Restitution Act, which

governs property offenses like this one that were committed "by fraud or deceit," 18 U.S.C. § 3663A(c)(1)(A)(ii), we have held that "in a case involving a conspiracy or scheme, restitution may be ordered for all persons harmed by the entire scheme, [and] is not confined to the harm caused by the particular offenses to which [Pham] pleaded guilty." *United States v. Riley,* 335 F.3d 919, 931–32 (9th Cir.2003) (citations omitted). *See also United States v. Lawrence,* 189 F.3d 838, 846–47 (9th Cir. 1999) ("[W]hen the crime of conviction includes a scheme, conspiracy, or pattern of criminal activity as an element of the offense, ... the restitution order [may] include acts of related conduct for which the defendant was not convicted."). Because Pham admitted in his plea agreement to participating in a "scheme and artifice" to commit bank fraud, notwithstanding the fact that the one count to which he pled guilty only involved approximately $4,500 in loss, the district court did not abuse its discretion in imposing a $1 million restitution obligation on him when the full amount of loss resulting from the scheme in which Pham admitted being involved exceeded $1.6 million. *See United States v. De La Fuente,* 353 F.3d 766, 772 (9th Cir.2003) (establishing that restitution awards are reviewed for abuse of discretion when they fall within a statutory framework such as the Mandatory Victims Restitution Act).

### Issues on Appeal for Tran

 Tran asserts that the district court abused its discretion in not awarding her a third point of downward departure under USSG § 3E1.1(b) for her acceptance of responsibility, despite the government's decision not to move for that extra point. Although Tran cooperated extensively with the government, she was on notice that the government did not intend to move for the third point of acceptance of responsibility

reduction, as her plea agreement had provided that the government would not be moving for the third point and she stipulated to that fact again in her sentencing memorandum. Thus, it was not arbitrary for the government to refuse to do what it had stated all along, with Tran's knowledge and acceptance, that it would not do. Nor did the district court abuse its discretion in declining to review that decision. *See United States v. Espinoza–Cano,* 456 F.3d 1126, 1136 (9th Cir.2006) (holding that a defendant may only challenge the government's refusal to move for the third point of acceptance of responsibility reduction on the grounds that the refusal was arbitrary or based on an unconstitutional motive).

 Tran also argues that the district court clearly erred in not awarding her a two-point reduction under USSG § 3B1.2(b) for playing a minor role in the offense, *see United States v. Cantrell,* 433 F.3d 1269, 1282 (9th Cir.2006), and that that court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by failing to rule on factual disputes she raised with respect to her role. First, the district court did rule on her factual objections, specifically by rejecting them when it stated in no uncertain terms: "She is not a minor participant. End of discussion." Second, where Tran provided personal identifying information, including bank account information, for fifty-five Starbucks employees to people that she knew were involved in fraudulent activity, resulting in losses of more than $947,000, the district court properly concluded that her role in the offense was not minor. *See* USSG § 3B1.2 cmt. n. 3(A) (providing that in order for a defendant to receive a reduction under § 3B1.2 for her role in the offense, she must be "substantially less culpable" than other participants in the offense).

Finally, Tran challenges the substantive reasonableness of her 42–month sentence based principally on the fact that another defendant who played a leadership role in the scheme received a shorter sentence than she did. Tran's comparison of sentences is incomplete, however, for all but one of her codefendants actually received sentences longer than hers, even though some of them could be directly linked to cashing only a few counterfeit checks. Furthermore, the district court took Tran's extensive cooperation with the government into account in imposing a sentence four months below the bottom end of the applicable Guidelines range of 46 to 57 months. We conclude that Tran's sentence was reasonable and the district court acted well within its discretion in imposing it. *Gall*, 128 S.Ct. at 597.

**SENTENCE VACATED AND REMANDED** as to 06–30489; **AFFIRMED** as to 06–30529.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.